In re David A. CRABTREE a/k/a West Knoxville Investment Company, Inc., Debtor.

**Bankruptcy No. 3–83–01116.**

United States Bankruptcy Court, E.D. Tennessee.

July 20, 1984.

See also 39 B.R. 702.

ORDER NO. 112

MEMORANDUM AND ORDER ON TRUSTEE'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE DEBTOR SHOULD NOT BE HELD IN CONTEMPT

CLIVE W. BARE, Bankruptcy Judge.

Pursuant to 11 U.S.C.A. § 303(h) (1979), an order for relief under chapter 7 was entered against David A. Crabtree on August 22, 1983. Order No. 67, entered on March 14, 1984, required Crabtree to file a statement of his financial affairs and schedules of assets and liabilities addressing each question and asserting any privilege claimed on a question-by-question basis. Because Crabtree declined to answer numerous questions on constitutional grounds, the information provided in his statement and schedules, filed on March 22, 1984, is of little assistance to his trustee in bankruptcy.

On March 8, 1984, prior to the entry of Order No. 67 and the filing of the debtor's statement of financial affairs and schedules, a four-count indictment charging Crabtree with concealment of assets of the estate was returned by a federal grand jury sitting in this district. Crabtree entered into a plea agreement with the United States Attorney wherein he agreed to plead guilty to the charges recited in the March 8th indictment and accept a fifteen-year sentence. In exchange, the United States agreed, in part, to refrain from prosecuting Crabtree for bank fraud, federal criminal tax violations, and other crimes occurring prior to the May 10, 1984, plea agreement. Breach of the agreement by Crabtree does not annul his plea of guilty and fifteen-year sentence. Furthermore, should Crabtree breach the agreement, the United States may then prosecute him "on any other criminal offense occurring before or after this plea agreement, including those which he makes known to the United States pursuant to this agreement, and including those offenses which the United States pursuant to this agreement has agreed not to prosecute." Crabtree reportedly will commence serving his sentence on August 8, 1984.

On July 12, 1984, the trustee filed a motion for an order to compel Crabtree to show cause why he should not be held in contempt for failure to file complete schedules of assets and liabilities and statement of financial affairs. According to the trustee, although Crabtree agreed to file a com-

plete, detailed statement and schedules not later than June 14, 1984, he has failed to do so.

The May 10th plea agreement in the United States District Court for the Eastern District of Tennessee recites in part:

3. Defendant Crabtree is aware that he may be compelled to testify in grand jury or other judicial proceedings, and if so compelled, agrees that his testimony will be complete and truthful. Defendant Crabtree further agrees that any records or documents under his control will be turned over when called for in any judicial proceeding or official inquiry and that defendant Crabtree agrees to advise of the location of any documents of which he is aware which are relevant to any judicial proceeding or official inquiry.

The filing of a statement of financial affairs and schedules of assets and liabilities involves testimonial aspects.

Considering the plea agreement was entered in the United States District Court and considering the potential gravity of its breach by Crabtree, it is appropriate for this court to abstain from ruling on and to transmit the trustee's motion to the district court.

IT IS SO ORDERED.